White, J.
 

 delivered the following opinion of the Court: —
 
 [1]
 

 As the complainant has it not in his power to produce the articles of agreement, the Court may with propriety notice the proof that has been given of their existence, and likewise that which was given of their contents. From the evidence it is clear that Brown either authorized or taught Buchanan to believe that he had authorized Craighead to sell and convey with warranty the land in, dispute, and that a contract to that effect was made with Craighead. The consideration has been paid; Buchanan has taken and continued in possession of the land under Brown’s claim, and there is no ground from the proof for the suspicion either that the complainant was dissatisfied with the contract or that he connived with Philips and Edmundson to set up their claim, but the very reverse. It seems to the Court that this was an absolute contract for the purchase and sale of this land, and that neither party without the consent of the other had a right to be off.
 

 The Court is impressed with the belief, from the complexion of the answer compared with the testimony, that the true reason why this contract was not complied with at the time stipulated, was owing to the dispute with Philips and Edmundson, with which the complainant seems to have had no concern-; and by the time that dispute was settled the land had risen so much in value as to induce the belief that it was the interest of the defendants to pay the money and keep the land. This they have no right to do. It would be most unreasonable after such a lapse of time, during all of which .the complainant has laid out of his money and been improving the land in pursuance of his contract and in confidence of his agreement, to permit the defendants to set the whole aside and place things in
 
 statu quo.
 
 The defendants and each of them ought to be divested of all right and title to the land, and the same be vested in the complainant and his heirs. And if at any subsequent period a title better than that of Brown’s should make its appearance, by virtue of which the complainant or his heirs should be deprived of the enjoyment of this land, that then Brown should be compelled to pay the same damages that he would have been bound to pay had he complied with his contract, by conveying the land and covenanting to warrant the title against all persons.
 

 But as this contract grew out of a transaction with the defendant Craig-head, who received the consideration, acted as the agent of Brown, and by whose information, it is fair,to suppose, Brown was governed, it seems to the Court most reasonable that he should pay the costs of this suit.
 

 And the decree was pronounced accordingly.
 

 [1]
 

 Original Note. — Absent Overton, J.